**Jaime Gutierrez SIORDIA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70448.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Jaime Gutierrez Siordia, Visalia, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, R. Alexander Goring, Esquire, Trial, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM **

Jaime Gutierrez Siordia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") decision pretermitting his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional questions and questions of law, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and we deny the petition for review.

The BIA did not err in determining that petitioner failed to establish eligibility for cancellation of removal because he was convicted of two crimes involving moral turpitude ("CIMTs"). *See* 8 U.S.C. § 1229b(b)(1)(C). Contrary to petitioner's contentions, the "petty offense" exception does not apply because, in the inadmissibility context, CIMTs are not subject to the "single scheme" limitation. *See* 8 U.S.C. § 1182(a)(2)(A)(i)–(ii); *compare* 8 U.S.C. § 1227(a)(2)(A)(ii).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioner's due process claims regarding testimony about his convictions and the transcript of a master calendar hearing fail because he has not established prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**